UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CAMBRIDGE PAVERS, INC., | : | |
| Plaintiff, | : | Hon. Joseph H. Rodriguez |
| v. | : | Civil Action No. 1:18-CV-14187 |
| EP HENRY CORPORATION, | : | |
| Defendant. | : | OPINION |

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [Dkt. No. 10]. The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78 (b). For the reasons that follow, Defendant's motion is denied.

I.  Factual and Procedural Background

Plaintiff, Cambridge Pavers, Inc. ("Plaintiff"), and Defendant, EP Henry Corporation ("Defendant"), are competing manufacturers of paving stones in the United States. [Dkt. No. 1 (Compl.) at ¶¶ 1, 13]. Plaintiff owns and uses the registered trademark, "ArmorTec" in the sale of its goods. Id. ¶¶ 5, 7. Its "products as promoted under its ArmorTec trademark are described as using a unique process. . . in order to maintain the rich color of the paving stones . . . and keep the surface smooth, yet skid resistant." Id. ¶ 9. Plaintiff's paving stones are also promoted under the tagline "They'll Look Like New Forever." Id. ¶10.  In addition, Plaintiff owns a registered trademark for the tagline, "They'll Look Like New Forever" Cambridge Paving Stones with ArmorTec. Id. ¶11.

1

"Defendant markets and sells paving stones with a protective coating under the name ColorTech." Id. ¶ 13. According to Plaintiff, Defendant "recently launched a new marketing campaign using the mark ColorTech in order to directly and unfairly compete against Plaintiff's AmorTec branded products." Id. ¶ 17. Defendant promotes its ColorTech paving stones as a line created through a "unique process" that "extends color fastness and durability" whose formula used in the manufacturing process creates a protective coating "resistant to staining, acid rain and UV rays." Id. ¶¶ 14, 15.

Plaintiff filed a Complaint in the present action against Defendant on September 21, 2018, alleging that Defendant's trademark is confusingly similar to Plaintiff's marks to deceive costumers in the sale and marketing of its paving stones. See Id. Specifically, Plaintiff claims violations of the Lanham Act for trademark infringement (Count I), false designation of origin, (Count II), and dilution (Count III); common law unfair competition (Count IV); and violations of the New Jersey Unfair Competition Act, N.J. Stat. Ann. § 56:4-1 (Count V), and New Jersey Trademark Act, N.J. Stat. Ann. § 56:3-13.16 (Count VI). Id.

Defendant moved to dismiss all counts of Plaintiff's Complaint for failure to state a claim on November 13, 2018, pursuant to Fed. R. Civ. Pro. 12(b)(6). [Dckt. No. 10]. In support of its motion, Defendant argues that Plaintiff's trademark is a descriptive, weak mark, entitled to limited protection; and ultimately contends that there is no likelihood of confusion between the competing marks. [Dkt No. 10-1 (Def. Brf.)]. Plaintiff filed a brief in opposition to Defendant's motion on December 3, 2018 [Dkt. No. 11 (Pl. Brf.)], to which Defendant filed a reply on December 10, 2018. [Dkt No. 12].

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[1] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

---

[1] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

3

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

III. Analysis

A. **Trademark Infringement and False Designation of Origin under the Lanham Act**

"Congress enacted the Lanham Act in 1946 in order to provide national protection for trademarks used in interstate and foreign commerce." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 193 (1985). The Third Circuit has made clear that an "identical" standard is used to measure federal unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) and federal trademark infringement under Section 32, 15 U.S.C. § 1114. A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210, 210 n.5 (3d Cir. 2000).[2]

---

[2] Defendant's motion to dismiss includes Count III of the Complaint for trademark dilution. 15 U.S.C § 1125(c). While a determination of whether there is dilution under the Lanham Act may involve a similar analysis, it has its own set of elements. Additionally, a "federal cause of action for trademark dilution grants extra protection to strong, well-recognized marks even in the absence of a likelihood of consumer confusion—the classical test for trademark infringement." Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C., 212 F.3d 157, 163 (3d Cir. 2000). Because Defendant did not brief argument on Plaintiff's dilution claim, the Court will not discuss Count III and furthermore, Count III of the Plaintiff's Complaint will not be dismissed.

To prove either unfair competition of trademark infringement, a plaintiff must establish that: "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." Checkpoint Sys., Inc. v. Check Point Software Techs., Inc., 269 F.3d 270, 279 (3d Cir. 2001); CSC Holdings, LLC v. Optimum Networks, Inc., 731 F. Supp. 2d 400, 405–06 (D.N.J. 2010).

At issue in this case is the third element regarding likelihood of confusion and therefore, whether Plaintiff has sufficiently pled that Defendant's use of its ColorTech mark is likely to create confusion concerning the origin of its paving stones.[3] To prove likelihood of confusion, a plaintiff must demonstrate that "consumers viewing the mark would probably assume the product or service it represents is associated with the source of a different product or service identified by a similar mark." Scott Paper Co. v. Scott's Liquid Gold, Inc., 589 F.2d 1225, 1229 (3d Cir. 1978); Checkpoint Sys., Inc., 269 F.3d at 280.

In evaluating whether there is a likelihood of confusion between marks, the Court looks to the following ten factors set forth by the Third Circuit, known as the Lapp Factors: "(1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are

---

[3] Defendant concedes that Plaintiff has satisfied the first two elements by showing: (1) A valid and legally protectable mark; (2) owned by the plaintiff. Def. Brf. at 7.

marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market." Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 463 (3d Cir. 1983) (citing Scott Paper Co., 589 F.2d at 1229.)

Here, Plaintiff alleges that Defendant is "using a confusingly similar mark [ColorTech] to trade on Plaintiff's goodwill." Compl. ¶ 18. Both Plaintiff and Defendant "market their goods to generally the same sophisticated consumers in those geographic areas where [the parties] compete." Def. Brf. at 22. Defendant, however, claims that "no reasonable fact finder could conclude that the competing marks are confusingly similar or likely to cause confusion in the marketplace." Def. Brf. at 1, 8. In the situation when products directly compete, the Third Circuit has "recognized . . . trademark similarity 'may be the most important of the ten factors in *Lapp*.'" Checkpoint Sys., Inc., 269 F.3d at 281 (quoting Fisons, 30 F.3d at 476).

In analyzing trademark similarity, Defendant stresses the differences in the marks by focusing on the beginning of each word separately from its end. Defendant argues that "armor" and "color" maintain different meanings and connotations according to their basic definitions. Def. Brf. at 11. The first word in Plaintiff's mark, armor, describes a covering and implies strength and protection, while the word color describes brightness or hue and invokes aesthetics. Though the words are not identical, they need only be "confusingly similar." Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 477 (3d Cir. 1994) (quoting Merchant & Evans, Inc. v. Roosevelt Bldg.

6

Products Co., 963 F.2d 628, 636 (3d Cir. 1992)). Moreover, District Courts should focus on the overall impression that the marks create, rather than "undertaking detailed analysis of differences in marks." Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 478 (3d Cir. 1994).

Here, Plaintiff has sufficiently alleged facts relating to the similarity in the overall impression of the marks. Plaintiff's complaint shows that both Plaintiff's mark and Defendant's mark are used in advertisements to promote paving stones that have *protective* coatings, maintain *color*, and involve some *unique process*. Compl. ¶¶ 9, 12, 14, 15. Particularly, Defendant's ColorTech line is "created through a 'unique process' that 'extends color fastness and durability" Id. at ¶ 14. Therefore, it uses the ColorTech line to promote durable stones, just as Plaintiff's mark holds a connotation of durability, with stones that will "look like new forever." Additionally, Plaintiff contends that the sound of each mark, "armORTEC" and "colORTECH," are nearly identical. Pl. Br. at 8-9. Accordingly, the two marks, in context, do leave similar impressions and hold similar meanings with regard to each company's paving stones. "[I]f the overall impression created by marks is essentially the same, 'it is very probable that the marks are confusingly similar.'" Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 194 (3d Cir. 1990), holding modified by Reilly v. City of Harrisburg, 858 F.3d 173 (3d Cir. 2017); Checkpoint Sys., Inc., 269 F.3d at 281.

Alternatively, Defendant puts aside the marks' similar endings and suggests that "tec" is a common laudatory word entitled to limited protection. Def. Br. 11,12. However, "[d]istinctiveness on the scale of trademarks is one measure of a mark's strength." Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 479 (3d Cir. 1994). Notably, Plaintiff indicates that it owns a U.S. trademark for its ArmorTec mark. Compl. ¶ 5.

Registration of a trademark "entitles the owner to a presumption that its mark is valid." Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205, 209 (2000) (citing § 7(b), 15 U.S.C. § 1057(b)).

Moreover, Plaintiff has used the registered mark "since at least as early as 1995 to distinguish its goods, namely 'paving stones with a hard facing top surface;'" and such mark has become incontestable. Compl. ¶¶ 5-8. Stating that a mark is a registered and incontestable mark "implicates the strength of the owner's mark (*Lapp* factor 2)." CSC Holdings, LLC, 731 F. Supp. 2d at 407. Additionally, Plaintiff asserts that Defendant had previously used a different trademark, "Durafacing," to promote the process of creating its paving stones with "deeper colors and greater durability," until creating a new marketing campaign under ColorTech. Compl. ¶¶ 16. According to Plaintiff, Defendant launched the ColorTech mark to "directly" and "unfairly" compete with Plaintiff, which suggests Defendant's intent in adopting the mark (Lapp factor 5). Id. at ¶¶ 17, 18. Therefore, Plaintiff's Complaint further implicates additional Lapp factors, and thus, has articulated facts that sufficiently allege the ColorTech mark is confusingly similar to the ArmorTec mark.

"[G]enerally speaking likelihood of confusion is a question of fact. . . . [and] the plaintiff is not required to prove the likelihood of confusion at the pleading stage." Interlink Prod. Int'l, Inc. v. F & W Trading LLC, No. CV151340MASDEA, 2016 WL 1260713, at *10 (D.N.J. Mar. 31, 2016) (quoting Eagle's Eye, Inc. v. Ambler Fashion Shop, Inc., 627 F. Supp. 856, 859 (E.D. Pa. 1985)). Though Defendant upholds additional factual arguments as to whether, in fact, there is a likelihood of confusion between Plaintiff's ArmorTec and Defendant's ColorTech marks, the Court finds that such fact-laden inquiry is more appropriately assessed at the summary judgment stage.

8

Lorillard Techs., Inc. v. NJ Ale House, LCC, No. CIV. 2:14-2044 KM, 2015 WL 1197531, at *9 (D.N.J. Mar. 13, 2015); Eagle's Eye, Inc. v. Ambler Fashion Shop, Inc., 627 F. Supp. 856, 860 (E.D. Pa. 1985) ("Dismissal pursuant to Rule 12(b)(6) is appropriate in only the most extreme trademark infringement and unfair competition cases, such as where the goods are unrelated as a matter of law."). Including what, if any, effects the use of Plaintiff's house mark has on the ArmorTec trademark. Accordingly, taking all reasonable inferences in a light most favorable to Plaintiff, it is plausible that both marks have the same overall impression on consumers in the market. Therefore, Plaintiff's complaint states plausible claims for relief under the Lanham Act as to Counts I and II.

### B. New Jersey Statutory and Common Law Claims

"[U]nfair competition claims under New Jersey statutory and common law generally parallel those under § 43(a) of the Lanham Act." Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F. Supp. 2d 384, 454 (D.N.J. 2009). Additionally, trademark infringement under The New Jersey Trademark Act, N.J.S.A. 56:4–1 "is the statutory equivalent of Section 43(a)(1) of the Lanham Act." Harlem Wizards Entm't Basketball, Inc. v. NBA Properties, Inc., 952 F. Supp. 1084, 1091 (D.N.J. 1997) (citing FM 103.1, Inc. v. Universal Broadcasting of New York, Inc., 929 F.Supp. 187, 198 (D.N.J. 1996)). Accordingly, the Court adopts its analysis under the Lanham Act and therefore, denies Defendant's motion to dismiss Count IV, Count V, and Count VI of Plaintiff's complaint to the same extent that the Court denies Defendant's motion to dismiss Count I, II.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint.

An appropriate Order shall issue.

Dated: September 10, 2019

                                                   s/ Joseph H. Rodriguez
                                             Hon. Joseph H. Rodriguez,
                                             UNITED STATES DISTRICT JUDGE